UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Pedro Gabriel Matute-Galvez
(A-Number: A-098-992-566),

Petitioner,

v.

MINGA WOFFORD, Warden of Mesa
Verde Detention Center; SERGIO
ALBARRAN, Field Office Director of the
San Francisco Immigration and Customs
Enforcement Office; TODD M. LYONS,
Acting Director of United States
Immigration and Customs Enforcement;
MARKWAYNE MULLIN, Secretary of the
United States Department of Homeland
Security; TODD BLANCHE, Acting
Attorney General of the United States,

Respondents.

No.  1:26-cv-05024-KES-EPG (HC)

ORDER GRANTING PETITION FOR WRIT
OF HABEAS CORPUS AND REQUIRING
BOND HEARING WITHIN TEN DAYS

Doc. 1

Petitioner Pedro Gabriel Matute-Galvez is an immigration detainee proceeding with a

petition for writ of habeas corpus and motion for temporary restraining order.  Docs. 1, 2.  The

Court has previously addressed the legal issues raised by claim one of the petition.  *See, e.g.*, *Luis

Alberto R.C. v. Murray*, 817 F. Supp. 3d 917 (E.D. Cal. 2025); *Elmer Joel M. C. v. Wofford*, No.

1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *W.V.S.M. v.

Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025);

*Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16,

2025); *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D.

1

Cal. Dec. 21, 2025).

The Court set a briefing schedule on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the petition. Doc. 5. Respondents "agree that the factual and legal issues present here are not substantively distinguishable" from the cases cited by the Court.[1] Doc. 7 at 3. While respondents oppose the petition, they do not raise any new arguments. *See id.* at 2–3.[2]

As respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions in *Luis Alberto R.C. v. Murray*, 817 F. Supp. 3d 917 (E.D. Cal. 2025), *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025), *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), and *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025), the petition for writ of habeas corpus is GRANTED as to claim one, for the reasons addressed in those prior orders.[3]

Respondents are ORDERED to provide petitioner Pedro Gabriel Matute-Galvez (A-

[1] Petitioner alleges that he was ordered removed in absentia when he was a minor, but an immigration judge recently granted petitioner's motion to reopen that order. Doc. 1 at 18. Respondents do not dispute that petitioner's detention is not governed by 8 U.S.C. § 1231; they instead assert that petitioner is subject to detention under 8 U.S.C. § 1225(b)(2).

[2] Respondents also request, in the alternative, that the Court hold this case in abeyance pending the appeal in *Rodriguez v. Bostock*, No. 25-6842 (9th Cir.), which concerns the issue of whether § 1226(a) or § 1225(b)(2) applies to individuals who entered the country without inspection, were not apprehended by immigration authorities upon arrival, and are not subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231. *See* Doc. 7 at 3. But here immigration officials did previously apprehend petitioner, and they released him after implicitly determining that he did not pose a flight risk or a danger. The issue is whether the Due Process Clause requires a hearing following his *re-detention* now that he is not subject to 8 U.S.C. § 1231. Given the different circumstances in this case, and the nature of the relief petitioner seeks, the Court declines to hold this case in abeyance pending the *Rodriguez* appeal.

[3] The Court need not address petitioner's other claims as petitioner is entitled to the relief he seeks based on the Court's ruling on claim one.

Number: A-098-992-566) with a bond hearing before a neutral decisionmaker within ten (10) days of the date of this Order.  Respondents shall immediately provide petitioner with a copy of this Order and shall provide him with 72 hours' written notice before the bond hearing.  At that bond hearing, it is respondents' burden to demonstrate that petitioner is a flight risk or danger to the community by clear and convincing evidence.  If respondents do not provide petitioner with a bond hearing within ten days, then respondents must release him.[4]

The Clerk of Court is directed to close this case and enter judgment for petitioner.  The Clerk is directed to serve Mesa Verde ICE Processing Center with a copy of this Order.

IT IS SO ORDERED.

Dated:    July 2, 2026    

_____
UNITED STATES DISTRICT JUDGE

---

[4] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.

3